## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| ERIC CHAMBLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-CV-1485 RWS |
| | ) | |
| LISA BERRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of Plaintiff Eric Chambly, an inmate at the Missouri Eastern Correctional Center ("MECC"), for leave to commence this civil action without prepayment of the required filing fee. ECF Nos. 5, 6. Having reviewed the motions and the financial information submitted in support, the Court has determined to grant the first motion, deny the second motion as moot, and assess an initial partial filing fee of $21.75. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action against all defendants for failure to state a claim.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion for leave to commence this civil action without prepayment of the required filing fee, Plaintiff submitted a copy of his MECC inmate account statement. ECF No. 3. The statement only includes his account history for two months of the six-month period preceding the complaint. The statement as submitted indicates an average monthly deposit of $108.75 and an average monthly balance of $34.56, reflecting Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $21.75, which is 20 percent of Plaintiff's average monthly deposit. Any claim that Plaintiff is unable to pay that amount must be supported by a certified inmate account statement detailing Plaintiff's account for the preceding six months. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances").

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

On November 4, 2024, Plaintiff Eric Chambly filed the instant action on a Court-provided Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. He names three Defendants: (1) Lisa Berry, Federal Probation Officer; (2) Crystal Francis, Missouri Department of Corrections ("MDOC") Record III; and (3) Jesse Funk, MDOC Probation and Parole Officer.

Plaintiff alleges he was released from federal custody on June 17, 2021. He claims he promptly notified Defendant Berry, his Federal Probation Officer, that he had a state detainer and should not have been released. Upon notification, Plaintiff asserts that Defendant Berry sent an email to Defendant Francis, a recordkeeper for the MDOC's Probation and Parole Department, and continued to try to contact the MDOC with no response. Plaintiff indicates that he reported to

Defendant Berry until he was re-arrested on July 26, 2023 for a federal probation violation. He asserts he is now being unconstitutionally denied release due to the state detainer.

For relief, Plaintiff seeks "$500,000 for pain and suffering and being denied his right to life and living because of the error" of the MDOC and the Federal Bureau of Prisons.

## DISCUSSION

### A. Official Capacity Claims

Plaintiff sues all three defendants in their official capacities. Official capacity claims are subject to dismissal because a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, two of the three Defendants—Crystal Francis and Jesse Funk—are alleged to be employees of the Missouri Department of Corrections and, therefore, are employees of the State of Missouri. Plaintiff has failed to state a claim against these Defendants because the State of Missouri is not a "person" under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983."). Further, Plaintiff is seeking $500,000 in monetary damages, and "[a] claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment." *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999).

Even if Plaintiff had sought injunctive relief, his official capacity claims fail because he has not demonstrated that the MDOC is liable for a constitutional violation due to an official policy, an unofficial custom, or a deliberately indifferent failure to train. *See Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018); *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018)

(recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Similarly, Plaintiff's official capacity claims against Lisa Berry, a federal employee, fails. "To sue the United States, [a plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. Partnership v. Department of Housing and Urban Development*, 235 F.3d 1109, 112 (8th Cir. 2000). As Plaintiff has failed to do so, he cannot sue a federal employee in her official capacity.

Thus, liberally construing the complaint, Plaintiff's allegations against all Defendants in their official capacities must be dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim.

### B. Individual Capacity Claims

#### 1. Defendant Jesse Funk

The individual capacity claim against Jesse Funk must be dismissed because Plaintiff names this Defendant in the caption without alleging facts showing that he did anything to violate Plaintiff's constitutional rights. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of self-represented complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them). Consequently, Defendant Funk will be dismissed from this action for failure to state a claim against him.

#### 2. Defendants Lisa Berry and Crystal Francis

Plaintiff argues that Defendant Berry, his Federal Probation Officer, and Defendant Francis, who handles records for the MDOC, violated his constitutional rights due to his erroneous

release from custody. He does not specify what specific constitutional rights were violated. Plaintiff limits his request for relief to monetary damages.

A claim upon which relief may be granted under § 1983 must embody at least two elements: First, the plaintiff must show he was deprived of a right secured by the Constitution and the laws of the United States; Second, he must also show that the defendants acted under color of state law. *Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 405 (8th Cir. 2012) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)).

This Court cannot find any authority supporting Plaintiff's proposition that his reincarceration after being erroneously released is a constitutional violation. The Fourth Circuit has held: "A prisoner who is mistakenly released does not have a protected liberty interest because, unlike a parolee, he does not have a 'legitimate claim of entitlement' to freedom. With no liberty interest to protect, there is no violation of due process and no need for [a] pre-detention hearing[.]" *Henderson v. Simms*, 223 F.3d 267, 274-75 (4th Cir. 2000). Similarly, the Third Circuit has held there is a "high threshold for finding due process violations, showing that even where a prisoner had actually been released through no fault of his own, due process was not violated either by reincarcerating him or by denying him credit for his time at liberty." *Evans v. Sec'y Pennsylvania Dep't of Corr.*, 645 F.3d 650, 660-61 (3d Cir. 2011) (citing *Vega v. United States*, 493 F.3d 310, 313 (3d Cir. 2007)); *see also Thomas v. Louisiana Dep't of Prob. & Parole*, 2011 WL 5569640, at *3 (W.D. La. Oct. 3, 2011), *report and recommendation adopted*, 2011 WL 5600402 (W.D. La. Nov. 15, 2011) (prisoner not entitled to damages for erroneous release); *Herndon v. Ziegler*, 2009 WL 5216979, *3 (N.D. W.Va. Dec. 30, 2009) (holding the BOP's reincarceration of a convict, who was previously erroneously released from custody, did not violate his due process rights); *Jenkins v. Currier*, 514 F.3d 1030, 1034 (10th Cir. 2008) (no violation of the Fourth Amendment when prisoner, after having been released from federal custody erroneously, was reseized to serve

the remainder of his unfinished state sentence) (citing *Campbell v. Williamson*, 783 F. Supp. 1161, 1164 (C.D. Ill. 1992) (finding no constitutional violation where mistakenly released prisoner was detained without warrant and returned to state custody to finish serving sentence)).

In line with the Fourth, Fifth, and Tenth Circuits, the Eighth Circuit has found that a delay in incarceration, even of four years, did not shock the conscience or rise to an egregious level that would qualify for relief under the Due Process Clause. In *Bonebrake v. Norris*, the Eighth Circuit held:

> We agree with the Fourth Circuit that a relatively high degree of culpability is required to shock the conscience in this context of delayed incarceration. As that court observed, "erroneous release (and delayed incarceration) of prisoners is a surprisingly widespread and recurring phenomenon in both state and federal systems." [*Hawkins v. Freeman*], 195 F.3d at 742 & n. 3. More importantly, in such cases, "the routine, seemingly invariable, executive practice has been to incarcerate, rejecting any claim of entitlement to freedom." *Id.* at 743. These circumstances are relevant to our inquiry, because the Supreme Court instructed that the question whether executive action "shocks the conscience" should be answered in light of "an understanding of traditional executive behavior, of contemporary practice, and of the standards of blame generally applied to them." *Lewis*, 523 U.S. at 847 n. 8, 118 S. Ct. 1708. The sort of administrative error that leads to delayed incarceration is "too frequently made in penal systems administration to raise any presumption of arbitrariness 'in the constitutional sense,' whenever it occurs," *Hawkins*, 195 F.3d at 744 (citation omitted), and the routine executive practice has been to remedy the error by incarcerating or reincarcerating the offender. In light of this history, "[t]o keep things in constitutional proportion, we would have to see . . . 'a mindless abuse of power,' or a deliberate exercise of power 'as an instrument of oppression,' or power exercised 'without any reasonable justification in the service of a legitimate governmental objective,'" before delayed incarceration would shock the conscience. *Id.* at 746 (quoting *Collins v. Harker Heights*, 503 U.S. 115, 126, 112 S. Ct. 1061, 117 L.Ed.2d 261 (1992), and *Lewis*, 523 U.S. at 846, 118 S. Ct. at 1708) (internal citation and alteration omitted).

417 F.3d 938, 943 (8th Cir. 2005).

Here, at most, Plaintiff alleges that Defendants Berry and Francis were negligent in their handling of Plaintiff's release. While Plaintiff alleges that Defendants Berry and Francis failed in their administrative duties, there is nothing in the complaint which shows that they acted in such an egregious fashion that their actions shocked the conscious triggering relief under the Due

Process Clause. Rather, Plaintiff appears to allege that Defendant Berry took steps to notify the MDOC of his release, and it is not clear from the complaint that Defendant Francis was responsible for correcting his erroneous release. Because there is no constitutional violation, Plaintiff's § 1983 claims cannot withstand this Court's initial review.

Additionally, the Eighth Circuit has held that parole officers are absolutely immune from liability for damages. *Gale v. Moore*, 763 F.2d 341, 344 (8th Cir. 1985). According to the allegations in the complaint, Defendant Berry contacted the MDOC on more than one occasion after Plaintiff was released after she was notified that he still had a state detainer. Defendant Berry's actions were unquestionable performed as part of her official duties. Consequently, Defendant Berry would be entitled to absolute immunity.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's first motion to proceed *in forma pauperis* [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's second motion to proceed *in forma pauperis* [ECF No. 6] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $21.75 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's official and individual capacity claims against all Defendants brought pursuant to 42 U.S.C. § 1983, are **DISMISSED** without prejudice for failure to state a claim.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate order of dismissal will be filed herewith.

Dated this 24th day of February, 2025.

*/s/ Rodney W. Sippel*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE